**ORIGINAL**

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
4 | 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
5 | Telephone: (415) 554-4283
Facsimile: (415) 554-3837
6
Attorneys for Defendants
7 | CITY AND COUNTY OF SAN FRANCISCO,
GAVIN NEWSOM, HEATHER FONG, AND
8 | WILLIAM SIFFERMAN

FILED

E-filing

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

12 | DANIELLE BOLOGNA, individually and
as the successor-in-interest to ANTHONY
BOLOGNA, MICHAEL BOLOGNA and
13 | MATTHEW BOLOGNA; ANDREW
BOLOGNA, and FRANCESCA
14 | BOLOGNA, by-and-through her *guardian
ad litem* DANIELLE BOLOGNA,

Case No. CV 09 2272 SI

NOTICE OF REMOVAL

15

Plaintiffs,

16

vs.

17

CITY AND COUNTY OF SAN
18 | FRANCISCO, a public entity; GAVIN
NEWSOM, an individual; HEATHER
19 | FONG, an individual; WILLIAM
SIFFERMAN; and DOES 1 through 100,
20 | inclusive,

21 | Defendants.

22

23

24

25

26

27

28

| Notice of Removal; | 1 | n:\lit\li2009\090237\00554448.doc |
| Bologna, et al. v. CCSF, et al. | | |

1          TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFFS AND THEIR

2 COUNSEL OF RECORD: NOTICE IS HEREBY GIVEN that the City and County of San Francisco,

3 Gavin Newsom, Heather Fong, and William Sifferman, named as defendants in the above-captioned

4 action, No. CGC-09-486928 in the files and records of the Superior Court of California for the County

5 of San Francisco, hereby remove said action to the United States District Court for the Northern

6 District of California, pursuant to 28 U.S.C. sections 1441 and 1446, and are filing in said Superior

7 Court a Notice of Removal.

8          Defendants City and County of San Francisco, Gavin Newsom, Heather Fong, and William

9 Sifferman, pursuant to 28 U.S.C. §§1441 and 1446, present the following facts to the Judges of the

10 United States District Court for the Northern District of California:

11          A civil action bearing the above-caption was commenced in the Superior Court of California

12 for the County of San Francisco, Case No. CGC-09-486928 and is pending therein. Service on all

13 Defendants was effected on April 24, 2009. The complaint alleges that Defendants violated Plaintiffs'

14 rights under the United States Constitution and federal statutes. The complaint further alleges causes

15 of action under 42 U.S.C. section 1983 and 18 U.S.C. § 1601.

16          This action is one that may properly be removed to this Court pursuant to 28 U.S.C. sections

17 1441(a) and (b), because the complaint alleges a violation of Plaintiffs' federal constitutional and

18 statutory rights.

19          To the extent that plaintiffs' complaint alleges a claim or cause of action other than violation of

20 rights under the laws of the United States, said causes of action may be removed and adjudicated by

21 this Court pursuant to 28 U.S.C. §1441(c).

22          All defendants join in this notice of removal.

23          Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings, and other orders served upon

24 Defendants at the time of removal, are attached hereto.

25          WHEREFORE, defendants pray that the above action now pending in the Superior Court of

26 California for the County of San Francisco be removed in its entirety to this Court for all further

27 proceedings.

28

Notice of Removal;
Bologna, et al. v. CCSF, et al.

2                  n:\lit\li2009\090237\00554448.doc

## **DEMAND FOR JURY TRIAL**

1

2    Defendants demand a trial by jury in this action.

3

4    Dated: May 22, 2009

5

6                              DENNIS J. HERRERA
                               City Attorney
7                              JOANNE HOEPER
                               Chief Trial Deputy
                               SCOTT D. WIENER
8                              Deputy City Attorney

9

10                          By:_____
                               SCOTT D. WIENER
11                             Attorneys for Defendants
12                             CITY AND COUNTY OF SAN FRANCISCO,
                               GAVIN NEWSOM, HEATHER FONG, AND
13                             WILLIAM SIFFERMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Notice of Removal; | 3 | n:\lit\li2009\090237\00554448.doc |
| Bologna, et al. v. CCSF, et al. | | |

Exhibit A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):*
Michael A. Kelly / Matthew D. Davis     71460 / 141986
Walkup Melodia Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
TELEPHONE NO: (415) 981-7210     FAX NO: (415) 391-6965
ATTORNEY FOR *(Name):* Plaintiffs

FOR COURT USE ONLY

**F I L E D**
San Francisco County Superior Court

APR 03 2009

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Jurisdiction

CASE NAME: Bologna v. CCSF

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited [ ] Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-09-486928  JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* five
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2009

Michael A. Kelly
(TYPE OR PRINT NAME)                              ▶ _____
                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

Bologna-10304

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice-
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ-Administrative Mandamus
   Writ-Mandamus on Limited Court
      Case Matter
   Writ-Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]    Martin Dean's ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Bologna-10304

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
MATTHEW D. DAVIS (State Bar #141986)
**ATTORNEYS FOR PLAINTIFFS**

F I L E D
San Francisco County Superior Court

APR 0 3 2009

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SEP 0 4 2009 ⋅9ᴹAM

DEPARTMENT 212

NO SUMMONS ISSUED
NO SUMMONS ISSUED

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

CGC-09-486928

| | |
|---|---|
| DANIELLE BOLOGNA, individually and as the successor-in-interest to ANTHONY BOLOGNA, MICHAEL BOLOGNA and MATTHEW BOLOGNA; ANDREW BOLOGNA; and FRANCESCA BOLOGNA, by-and-through her *guardian ad litem* DANIELLE BOLOGNA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a public entity; GAVIN NEWSOM, an individual; HEATHER FONG, an individual; WILLIAM SIFFERMAN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES [MULTIPLE WRONGFUL DEATHS; CAUSES OF ACTION FOR:**<br>**(1) NEGLIGENCE;**<br>**(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>**(3) STATE CIVIL RIGHTS VIOLATIONS;**<br>**(4) FEDERAL CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983); AND**<br>**(5) RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS VIOLATIONS [18 U.S.C. § 1601, *ET SEQ.*)];**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs DANIELLE BOLOGNA, individually and as the successor-in-interest to

ANTHONY BOLOGNA, MICHAEL BOLOGNA and MATTHEW BOLOGNA, ANDREW

BOLOGNA and FRANCESCA BOLOGNA, by-and-through her *guardian ad litem* DANIELLE

BOLOGNA, allege as follows:

**GENERAL ALLEGATIONS**

A.    **The Parties**

1.    Plaintiff Danielle Bologna is an individual. During all times relevant to the

1 allegations made in this complaint she was married to and the loving and devoted wife of Anthony

2 "Tony" Bologna. She is also the loving mother of plaintiff Andrew Bologna, plaintiff Francesca

3 Bologna, Michael Bologna and Matthew Bologna. Anthony, Michael and Matthew Bologna are

4 now deceased. Plaintiff Danielle Bologna is thus the surviving wife of Anthony Bologna, and the

5 surviving mother of Michael and Matthew Bologna, and is their heir at law. She is the successor-

6 in-interest to and succeeds to their causes of action pursuant to Code of Civil Procedure section

7 377.11. The required declarations are attached as Exhibits 1, 2 and 3.

8     2.    Plaintiff Andrew Bologna is an individual. He is the loving son of Danielle

9 Bologna and the late Anthony Bologna. He is also the loving brother of plaintiff Francesca

10 Bologna and the late Michael and Matthew Bologna.

11     3.    Plaintiff Francesca Bologna is a minor child with a date of birth of November 19,

12 1997. She is the loving daughter of Danielle Bologna and the late Anthony Bologna. She is also

13 the loving sister of Andrew Bologna and the late Michael and Matthew Bologna.

14     4.    Before the commencement of this action, the above-entitled court, by its Order

15 regularly made and entered, appointed Danielle Bologna, as the *guardian ad litem* of the minor

16 Francesca Bologna.

17     5.    Plaintiffs are ignorant of the true names, capacities, and involvements of defendants

18 named herein as DOES ONE through ONE-HUNDRED, inclusive, and therefore sues these

19 defendants under such fictitious names. Plaintiffs will amend this Complaint to allege their true

20 names, capacities, and involvements when same are finally determined. Plaintiffs are informed

21 and believes, and thereupon alleges, that each of the fictitiously named defendants are negligently,

22 strictly liable, or otherwise responsible in some manner for the occurrences alleged herein, and

23 plaintiffs' injuries as alleged herein were legally caused by the negligence or other actionable

24 conduct of these defendants.

25     6.    At all times herein-mentioned, defendant City and County of San Francisco (the

26 "City" or "CCSF") was and is a governmental entity existing under and by virtue of the laws of

27 the State of California. At all times herein-mentioned, the San Francisco Police Department

28 ("SFPD") and the Juvenile Probation Department ("JPD") were and are agencies and departments

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1  of defendant CCSF.

2      7.      Defendant Gavin Newsom is an individual who is and at all times relevant to the
3  allegations made in this complaint was the Mayor of CCSF.

4      8.      Defendant Heather Fong is an individual who is and at all times relevant to the
5  allegations made in this complaint was the Chief of the SFPD.

6      9.      Defendant William Sifferman is an individual who is and at all times relevant to the
7  allegations made in this complaint was the Chief of the JPD.

8      10.     At all times herein-mentioned, each and every of the defendants was the agent,
9  servant, employee, co-conspirator, partner, joint venturer, alter ego, affiliate, and/or franchisee of
10  each of the other defendants, and each was at all times acting within the scope of such agency,
11  service, partnership, employment, joint venture, affiliation and/or franchise.

12      11.     Within six months of the happening of the matters herein alleged, plaintiffs timely
13  filed with the governing board of CCSF an administrative claim in compliance with the applicable
14  provisions of the California Government Code. Subsequently, said claim was denied. This
15  complaint is timely filed within the time permitted by law after the denial of such a claim.

16      **B.      The Deaths of Plaintiffs' Decedents**

17      12.     This lawsuit arises out of the murders of Anthony Bologna, 48, and his two sons,
18  Michael Bologna, 20, and Matthew Bologna, 16 (collectively, the "decedents"). On June 22,
19  2008, Edwin Ramos ("Ramos") shot the decedents as they sat in the family car. Andrew Bologna
20  was also in the family car and he saw his father and brothers receive fatal injuries. This crime
21  occurred in the City and County of San Francisco.

22      13.     Ramos was born in El Salvador but had resided in or near San Francisco for years
23  before the Bologna murders. When he murdered the decedents he belonged to an organized street
24  gang and criminal enterprise known as Mara Salvatrucha, also known as Mara, MS and MS-13
25  ("MS-13"). Ramos had belonged to MS-13 for years. MS-13 is known to traffic in illegal drugs
26  and narcotics throughout the United States including in San Francisco, and its members are known
27  to ruthlessly maintain and increase the gang's share of the illegal drug market by committing
28  murder and other crimes of violence, sometimes for no purpose other than to cause terror and fear.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1   Plaintiffs are therefore informed and believed and on that basis allege that Ramos was heavily

2   involved in the illegal drug trade in San Francisco for years before the Bologna murders, and that

3   the murders were related to his membership in MS-13.

4        14.     Ramos spent time in or resided in the City and County of San Francisco for years

5   before the murders. He was unlawfully present in the United States, in violation of the

6   Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, when he committed the

7   Bologna murders and during all other times relevant to the allegations made in this Complaint.

8        15.     Ramos is currently incarcerated and awaiting trial for committing the Bologna

9   murders and other felonies. If convicted, he faces a sentence of death or life without the

10   possibility of parole. If acquitted, he faces deportation. Plaintiffs do not name him as a defendant

11   to this lawsuit because a civil suit against him would be a futile act.

12        C.     **Defendants' Illegal Sanctuary Policies and Practices**

13        16.     Ramos, as a person unlawfully present in the United States, as well as other

14   similarly situated persons ("illegal aliens"), are subject to removal from the United States pursuant

15   to United Sates statutes. On and before the date of the Bologna murders, United States statutory

16   law prohibited "harbor[ing]" an illegal alien, "knowing or in reckless disregard of the fact that an

17   alien has come to, entered, or remains in the United States in violation of law." 8 U.S.C. §

18   1324a(1)(A)(iii). This law was enacted to, among other things, protect the citizens of San

19   Francisco and the United States from violent crimes against their persons committed by illegal

20   aliens.

21        17.     On and before the date of the Bologna murders, United States statutory law

22   prohibited "transport[ing], or mov[ing] such [illegal] alien within the United States;" 8 U.S.C. §

23   1324(a)(1)(A)(ii). This statutory law was enacted to, among other things, protect the citizens of

24   San Francisco and the United States from crimes of violence against them committed by illegal

25   aliens.

26        18.     On and before the date of the Bologna murders, United States statutory law

27   prohibited "encourag[ing] or induc[ing] an alien to come to, enter, or reside in the United States,

28   knowing, or in reckless disregard of the fact, that such coming to, entry, or residence is or will be

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA. 94108
(415) 981-7210

1   in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iv). This statutory law was enacted to, among

2   other things, protect the citizens of San Francisco and the United States from crimes of violence

3   against them committed by illegal aliens.

4         19.     On and before the date of the Bologna murders, United States statutory law

5   expressly prohibited any local government entity or official, including CCSF and the individual

6   defendants herein, as well as all CCSF employees, from restricting its officers, agents and

7   employees in their communication with the United States Bureau of Immigration and Customs

8   Enforcement ("ICE") and its predecessor, the Immigration and Naturalization Service ("INS"),

9   regarding the immigration status of any individual. Applicable law mandated that a "local

10   government entity or official may not prohibit, or in any way restrict, any government entity or

11   official from sending to, or receiving from, the Immigration and Naturalization Service

12   information regarding the citizenship or immigration status, lawful or unlawful, of any

13   individual." 8 U.S.C. § 1373. A similar prohibition under United States statutory law is found at

14   8 U.S.C. § 1644. These laws prohibit a city from adopting any official or unofficial policy that

15   restricts local officials' communication with ICE regarding any individual's immigration status.

16   (Such a policy restricting communication with ICE is hereinafter referred to as a "sanctuary

17   policy.") These United States statutory laws are intended to protect the citizens of San Francisco

18   and other citizens from violence committed upon them by illegal aliens by, among other things,

19   ensuring that all sworn law enforcement officer retain unfettered discretion to report, consistent

20   with federal statutory obligations, to ICE all dangerous persons who are also illegal aliens.

21         20.     On and before the date of the Bologna murders, California statutory law expressly

22   required an arresting agency, such as the SFPD, to notify ICE when it had reason to believe that a

23   person it had arrested for a drug offense may not be a citizen of the United States. California

24   Health & Safety Code § 11369. This statute is intended to protect the citizens of San Francisco

25   and other citizens from violence committed upon them by illegal aliens who are also engaged in

26   illegal drug sales and trafficking.

27         21.     Despite these laws, defendants adopted and were enforcing official and unofficial

28   "sanctuary policies" to transport, harbor, and encourage to remain in the United States persons

LAW OFFICES OF
WALSER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1  who had committed drug offenses and violent crimes and whom CCSF knew, or had reason to

2  know, were illegal aliens.

3       22.    CCSF's "sanctuary policy" is codified in San Francisco Administrative Code,

4  Chapter 12H, as amended. In addition, the "sanctuary policy" is further mandated and explained

5  in SFPD General Order 5.15 (December 13, 1995). Defendants also expressly reiterated to SFPD

6  officers a municipal policy restricting communication with ICE - in SFPD Bulletin 06-176, dated

7  August 23, 2006, and signed by defendant Fong. On March 1, 2007, defendant Newsom

8  reaffirmed, mandated and expanded CCSF's "sanctuary policy" by issuing Executive Directive

9  07-01.

10      **D.    Defendants' Illegal Sanctuary Policies Were a Substantial Factor In Causing
             the Injuries, Losses and Harms Sustained by Plaintiffs**

11

12      23.    Plaintiffs are informed and believe, and on that basis allege, the following:

13           a.  Defendants acting through their subordinates, employees, departments and

14               agencies adopted and enforced both official and unofficial sanctuary

15               policies.

16           b.  All of these official enactments, orders, mandates and endorsements of

17               defendants' sanctuary policies were reinforced by an unwritten but enforced

18               policy that prohibited and discouraged CCSF employees, including SFPD

19               officers and JPD employees, from reporting any illegal alien to ICE.

20           c.  Defendants knew that the official policy of ICE was to place the highest

21               priority on the detention and removal of illegal alien gang members and

22               illegal aliens who had been arrested for the commission of violent crimes.

23           d.  Defendants knew that members of MS-13, such as Ramos, committed

24               violent felonies including murder, and that they would target and murder

25               men simply because they (a) appeared to be Latino or African American,

26               and (b) were not members of MS 13.

27           e.  Defendants knew that Ramos was a member of MS-13—indicia of his

28               membership included a tattoo signifying MS-13 membership on his head—

                 and that he was therefore likely to target for murder any man who (a)

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

appeared to be Latino or African American, and (b) was not a member of MS-13.

f. Defendants knew that MS-13 members were predominantly Salvadorans, Guatemalans, Hondurans, and other Central Americans, as well as Mexicans, and that the majority of MS-13 members were illegal aliens.

g. Defendants knew that Ramos was an illegal alien and therefore subject to removal proceedings.

h. Defendants knew that Ramos had committed crimes of violence in San Francisco. Sworn peace officers of the SFPD arrested Ramos on multiple occasions for violent crimes and identified him as a suspect in other serious crimes, including murder. They knew he was a member of MS-13.

i. Ramos was an adult when he murdered the Bologna decedents, but he had also committed within San Francisco many drug offenses and crimes of violence when he was a minor. As a result, he had multiple referrals to, and contacts with, the SFPD and JPD before he committed the Bologna murders.

j. SFPD officers had detained or arrested Ramos for drug offenses before the Bologna murders, but the officers did not notify ICE about the detentions and arrests—as required by state law—because defendants' illegal sanctuary policies prevented them from doing so.

k. Defendants knew that ICE would have taken custody of Ramos, detained him, and initiated removal proceedings against him, if defendants had informed ICE that Ramos was in its custody, that Ramos was a member of MS-13, that Ramos had been arrested for the commission of a violent crime, and that defendants intended to release Ramos from custody.

l. Sworn peace officers of the SFPD who arrested Ramos or had contact with him would have notified ICE about him had they not been deprived of the discretion to do so. Defendants' official and unofficial sanctuary policies

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1    prevented them from notifying ICE about Ramos.

2    m. The JPD and other CCSF departments and agencies illegally transported

3    and harbored Ramos on numerous occasions, for weeks at a time, in the

4    years preceding the Bologna murders. Among other things, defendants

5    transported Ramos to, and kept him at, a group home for juveniles, as well

6    as the "Log Cabin Ranch School," which is located in Santa Cruz County.

7    CCSF runs this facility; it is a "post adjudication facility for delinquent

8    male juveniles. The purpose of the facility is to provide a twenty-four a day

9    residential program for juveniles of San Francisco who have been

10    adjudicated delinquent by the Juvenile Courts and sent to Log Cabin for

11    treatment and rehabilitation."

12    (http://www.sfgov.org/site/juvprobation_page.asp?id=1279)

13    n. Defendants illegally transported, harbored and prevented ICE from taking

14    custody of Ramos before he committed the Bologna murders, and illegally

15    provided shelter and services to Ramos that required, guaranteed and

16    encouraged him to remain in the United States. Defendants further violated

17    the express terms of United States statutory law by restricting the ability of

18    sworn peace officers of the SFPD to contact ICE about Ramos so that

19    Ramos could be detained by ICE and removed from the United States. As a

20    result of these illegal acts by defendants, Ramos was allowed (and indeed

21    required) to remain unlawfully present in the United States and he was

22    allowed to return to the streets of San Francisco commit violence on the

23    decedents. Defendants' illegal conduct with respect to their failure to

24    follow the legal mandate of federal statutes was intentional, negligent,

25    grossly negligent and recklessly indifferent to the lives, health, and safety of

26    others, including plaintiffs herein and their decedents. It was highly

27    foreseeable that Ramos, upon his return to the streets of San Francisco,

28    would commit violence upon San Francisco citizens including the

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1    decedents.

2    o. Defendants knew that Ramos had a history of extreme violence, and they

3       knew or had reason to know that he was a member of MS-13 and would

4       therefore likely murder males simply because they appeared to be Latino or

5       African American. It was thus highly foreseeable to defendants that Ramos,

6       upon his return to the streets of San Francisco, would murder men simply

7       because they appeared to be Latinos or African Americans. Defendants'

8       acts as herein described were a legal cause of the violation of the civil rights

9       of the decedents and plaintiffs, giving rise to a cause of action under 42

10      U.S.C. § 1983.

11   p. Defendants also acted in an illegal and discriminatory manner in their

12      treatment of violators of United States statutory law, depending upon their

13      citizenship. Defendants' departments, agencies and employees were willing

14      to transfer to United States custody for United States statutory prosecution

15      United States citizens who committed United States statutory crimes,

16      including crimes relating to immigration, under 8 U.S.C. § 1101, *et seq.*

17      However, as a matter of policy, defendants were not willing to transfer to

18      United States custody for United States statutory prosecution aliens who

19      committed United States statutory crimes when those crimes related to

20      immigration, under 8 U.S.C. 1101, *et seq.* Defendants' discrimination on

21      the basis of citizenship was a legal cause of the violation of the civil rights

22      of the decedents and plaintiffs, giving rise to plaintiffs' cause of action

23      under 42 U.S.C. § 1983.

24   q. Defendants' agencies, departments and officials conspired among

25      themselves and with entities operating group homes for juveniles to,

26      illegally harbor Ramos within the United States. This conspiracy was in

27      violation of the 1996 amendments to the United States statutory Racketeer

28      Influenced and Corrupt Organizations ("RICO") statutes, 18 U.S.C. § 1601,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO CA 94108
(415) 981-7210

1    *et seq.* Specifically, United States statutory RICO law prohibits a

2    conspiracy to commit "any act which is indictable under the Immigration

3    and Nationality Act, section 274 [8 U.S.C. § 1324] (relating to bringing in

4    and harboring certain aliens)," 18 U.S.C. § 1601(1)(F), where such

5    conspiracy results in injury to an individual's property interests. This

6    conspiracy led in a reasonably foreseeable way to the deaths of Anthony,

7    Michael, and Matthew Bologna, to the emotional distress of Andrew

8    Bologna and resulted in an injury to plaintiffs' property interests. Plaintiffs

9    are entitled to treble the amount of such injury, under 8 U.S.C. § 1601(1).

10   24.    Decedents and plaintiffs were and are law-abiding citizens and not members of

11   MS-13 or any other gang. Anthony Bologna was the manager of a supermarket. Michael and

12   Matthew Bologna were students in good standing. Ramos killed the decedents because they

13   appeared to be Latinos. Defendants' "sanctuary policies", and other acts and omissions, as

14   described above, were a legal cause of the death of the decedents.

15
                              **FIRST CAUSE OF ACTION**
16              **[General Negligence (Cal. Gov. Code § 815.2(a)) Wrongful Deaths]**
                         **[All Plaintiffs Against All Defendants]**
17
         Plaintiffs complains of defendants, and each of them, and, for a First Cause of Action
18
     alleges as follows.
19
         25.    Plaintiffs hereby incorporate by this reference each and every allegation contained
20
     in paragraphs 1 through 24 above as though fully set forth here.
21
         26.    At all times herein-mentioned, in carrying out the acts above described, defendants
22
     acted negligently, recklessly and carelessly in adopting, and enforcing their illegal sanctuary
23
     policies so as to as to cause Ramos to not be reported to ICE and to not be subjected to
24
     deportation proceedings. As a result, Ramos was free to commit crimes on the streets of San
25
     Francisco. Defendants' acts and omissions were a substantial factor in causing the Bologna
26
     murders.
27
         27.    As a direct and legal result of the negligence and carelessness of defendants, and
28
     each of them, plaintiff Danielle Bologna has been deprived of a loving husband and two loving

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

 

1  sons. She has lost their care, comfort, love, companionship, services, society, affection,

2  instruction, advice, training, guidance, protection, counsel, support and contributions, all to her

3  special and damage in an amount in excess of the jurisdictional minimum for this court.

4      28.     As a direct and legal result of the negligence of defendants, and each of them,

5  plaintiff Andrew Bologna has been deprived of a loving father and two loving brothers. He has

6  lost their care, comfort, love, companionship, services, society, affection, instruction, advice,

7  training, guidance, protection, counsel, support and contributions, all to his special and general

8  damage in an amount in excess of the jurisdictional minimum for this court.

9      29.     As a direct and legal result of the negligence of defendants, and each of them,

10  plaintiff Francesca Bologna has been deprived of a loving father and two loving brothers. She has

11  lost their care, comfort, love, companionship, services, society, affection, instruction, advice,

12  training, guidance, protection, counsel, support and contributions, all to her special and general

13  damage in an amount in excess of the jurisdictional minimum for this court.

14      30.     By reason of the death of the decedents, plaintiffs incurred medical expenses, as

15  well as funeral and burial expenses in memory of and for decedents in an amount as will be

16  determined at the time of the trial in this matter.

17      WHEREFORE, plaintiffs pray for judgment for damages as hereinafter set forth.

18

19                          **SECOND CAUSE OF ACTION**
                      **[Negligent Infliction of Emotional Distress]**
                    **[Plaintiff Andrew Bologna Against All Defendants]**

20      31.     Plaintiff Andrew Bologna hereby incorporates by this reference each and every

21  allegation contained in paragraphs 1 through 30 above as though fully set forth here.

22      32.     That as a further direct, legal, and proximate result of the said actions and

23  negligence by the defendants, and each of them, plaintiff Andrew Bologna was in close proximity

24  to his father and brothers when they were murdered, and made sensory and contemporaneous

25  observation of said acts and their aftermath. He sustained serious emotional distress for said

26  observances, all to his special and general damage in excess of the jurisdictional minimum of this

27  court.

28

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1     WHEREFORE, plaintiff Andrew Bologna prays for judgment for damages as hereinafter

2 set forth.

### THIRD CAUSE OF ACTION
**[Violations of Mandatory Duties Imposed by the California Constitution and California Statutes(Government Code §815.6 et seq)]**
**[All Plaintiff Against All Defendants]**

6     33.    Plaintiffs hereby incorporate by this reference each and every allegation contained

7 in paragraphs 1 through 32 above as though fully set forth here.

8     34.    Defendants' above-described conduct, policies, practices, customs, and/or

9 omissions violated plaintiffs' rights and plaintiffs' decedents' rights as protected by the California

10 Constitution and by California statutes.

11     35.    As a direct and legal result of the conduct of defendants in failing to carry out

12 mandatory statutory duties as described herein, plaintiffs and plaintiffs' decedents have been

13 denied their state constitutional, statutory and legal rights, and plaintiffs have suffered, continue to

14 suffer, and will in the future suffer as the result of the personal injury inflicted upon Andrew

15 Bologna and wrongful deaths of Anthony, Michael and Matthew Bologna, and the loss of their

16 love, companionship, comfort, support, association, affection, society, solace and moral support,

17 all to plaintiffs' general and special damages in an in an amount in excess of the jurisdictional

18 minimum for this court.

19     36.    As a direct and legal result of the aforesaid, plaintiffs' decedents suffered the

20 following injuries and damages:

21         a.   Violation of their rights under the California Constitution and statutes;

22         b.   Loss of their lives; and

23         c.   Physical pain and suffering and emotional trauma and suffering prior to

24             their death.

25     WHEREFORE, plaintiffs pray for judgment for damages as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**[Deprivation of Federal Civil Rights (42 U.S.C. § 1983)]**
**[All Plaintiff Against All Defendants]**

28     37.    Plaintiffs hereby incorporate by this reference each and every allegation contained

LAW OFFICES OF
WALKER, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1  in paragraphs 1 through 30 above as though fully set forth herein.

2      38.    Defendants, acting under color of law, committed acts and omissions that were a

3  substantial factor in depriving plaintiffs and plaintiffs' decedents of rights protected by federal

4  law. Defendants' conduct violated 42 U.S.C. § 1983.

5      39.    As a direct and legal result of the conduct of defendants described herein, plaintiffs

6  and plaintiffs' decedents have been denied their federal constitutional, statutory and legal rights,

7  and plaintiffs have suffered, continue to suffer, and will in the future suffer as the result of the

8  personal injury suffered by Andrew Bologna and wrongful deaths of Anthony, Michael and

9  Matthew Bologna, and the loss of their love, companionship, comfort, support, association,

10  affection, society, solace and moral support, all to plaintiffs' general and special damages in an in

11  an amount in excess of the jurisdictional minimum for this court.

12      40.    As a direct and legal result of the aforesaid, plaintiffs' decedents suffered the

13  following injuries and damages:

14          a.  Violation of their rights under the United States Constitution and federal

15              statutes;

16          b.  Loss of their lives; and

17          c.  Physical pain and suffering and emotional trauma and suffering prior to

18              their death.

19  WHEREFORE, plaintiffs pray for judgment for damages as hereinafter set forth.

20
                        **FIFTH CAUSE OF ACTION**
21  **[Racketeer Influenced and Corrupt Organizations Violations (18 U.S.C. § 1601, *et. seq.*)]**
                    **[All Plaintiff Against All Defendants]**
22
        41.    Plaintiffs hereby incorporate by this reference each and every allegation contained
23
    in paragraphs 1 through 30 above as though fully set forth here.
24
        42.    Defendants' acts and omissions as descried above constituted the conduct of an
25
    enterprise through a pattern of racketeering activity or "predicate acts," *e.g.*, the concealment,
26
    harboring and transportation of illegal aliens, that caused injury to the plaintiffs' and plaintiffs'
27
    decedents' business or property in violation of the Racketeer Influenced and Corrupt Organization
28
    statutes, 18 U.S.C. § 1601, *et. seq.*, and in a sum in excess of the jurisdictional minimum for this

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES – MULTIPLE WRONGFUL DEATHS

1 | court.

2 | WHEREFORE, plaintiffs pray for damages against defendants, and each of them, as

3 | follows:

4 |     1.    For compensatory damages according to proof;

5 |     2.    For special damages according to proof;

6 |     3.    For costs of suit incurred herein;

7 |     4.    For attorneys' fees;

8 |     5.    For prejudgment interest as provided by law;

9 |     5.    For equitable and injunctive relief; and

10 |     6.    For such other and further relief as the Court may deem proper.

11 | Dated: April 2, 2009         WALKUP, MELODIA, KELLY & SCHOENBERGER

12 |

13 |

14 | MICHAEL A. KELLY
Attorneys for Plaintiffs

15 |

16 | **DEMAND FOR JURY TRIAL**

17 | Plaintiffs hereby demand a jury trial.

18 | Dated: April 2, 2009         WALKUP, MELODIA, KELLY & SCHOENBERGER

19 |

20 |

21 | MICHAEL A. KELLY
Attorneys for Plaintiffs

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO CA 94108
(415) 981-7210

**14**

# EXHIBIT 1

## DECLARATION RE PERSONAL REPRESENTATIVE OF TONY BOLOGNA/
## SUCCESSOR IN INTEREST TO THE ESTATE OF TONY BOLOGNA

I, Danielle Bologna, affirm and declare under penalty of perjury as follows:

1.    This declaration is made pursuant to the provisions of California Code of Civil Procedure §377.32.

2.    This declaration is made for the purpose of establishing a successor-in-interest and personal representative for , on behalf of all heirs who have a right to bring a claim pursuant to the provisions of CCP §377.60.

3.    The decedent's name is Tony Bologna.

4.    Tony Bologna died in San Francisco, California on June 22, 2008.

5.    No proceeding is now pending in California for administration of the decedent's estate.

6.    The decedent's estate has not been administered.

7.    I am the decedent's successor-in-interest, as his surviving spouse.

8.    I am the successor-in-interest and personal representative and have the authority to act on behalf of the other heirs who are defined in CCP §377.60.

9.    No other person has a superior right to commence an action or proceeding to act on behalf of the estate or heirs.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this 14 day of August, 2008.

Danielle Bologna

# EXHIBIT 2

## DECLARATION RE PERSONAL REPRESENTATIVE OF MICHAEL BOLOGNA/ SUCCESSOR IN INTEREST TO THE ESTATE OF MICHAEL BOLOGNA

I, Danielle Bologna, affirm and declare under penalty of perjury as follows:

1.      This declaration is made pursuant to the provisions of California Code of Civil Procedure §377.32.

2.      This declaration is made for the purpose of establishing a successor-in-interest and personal representative for , on behalf of all heirs who have a right to bring a claim pursuant to the provisions of CCP §377.60.

3.      The decedent's name is Michael Bologna.

4.      Michael Bologna died in San Francisco, California on June 22, 2008.

5.      No proceeding is now pending in California for administration of the decedent's estate.

6.      The decedent's estate has not been administered.

7.      I am the decedent's successor-in-interest, as his surviving parent.

8.      I am the successor-in-interest and personal representative and have the authority to act on behalf of the other heirs who are defined in CCP §377.60.

9.      No other person has a superior right to commence an action or proceeding to act on behalf of the estate or heirs.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this 14 day of August, 2008.

Danielle Bologna

# EXHIBIT 3

## DECLARATION RE PERSONAL REPRESENTATIVE OF MATTHEW BOLOGNA/ SUCCESSOR IN INTEREST TO THE ESTATE OF MATTHEW BOLOGNA

I, Danielle Bologna, affirm and declare under penalty of perjury as follows:

1.      This declaration is made pursuant to the provisions of California Code of Civil Procedure §377.32.

2.      This declaration is made for the purpose of establishing a successor-in-interest and personal representative for , on behalf of all heirs who have a right to bring a claim pursuant to the provisions of CCP §377.60.

3.      The decedent's name is Matthew Bologna.

4.      Matthew Bologna died in San Francisco, California on June 22, 2008.

5.      No proceeding is now pending in California for administration of the decedent's estate.

6.      The decedent's estate has not been administered.

7.      I am the decedent's successor-in-interest, as his surviving parent.

8.      I am the successor-in-interest and personal representative and have the authority to act on behalf of the other heirs who are defined in CCP §377.60.

9.      No other person has a superior right to commence an action or proceeding to act on behalf of the estate or heirs.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _14_ day of August, 2008.

Danielle Bologna

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**   **SEP-04-2009**
>
> **TIME:**   **9:00AM**
>
> **PLACE:**   **Department 212**
>            **400 McAllister Street**
>            **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
City and County of San Francisco, a public entity; Gavin Newsom,
an individual; Heather Fong, an individual; William Sifferman;
and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Danielle Bologna, individually and as the successor-in-interest to Anthony
Bologna, Michael Bologna and Matthew Bologna; Andrew Bologna; and
Francesca Bologna, by-and-through her Guardian ad Litem Danielle Bologna

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>Unlimited Jurisdiction<br>400 McAllister Street       San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-09-486928 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Kelly / Matthew D. Davis (71460 / 141986)    Walkup Melodia Kelly & Schoenberger
650 California Street, 26th Floor    San Francisco, CA 94108
(415) 981-7210

GORDON PARK-LI

| DATE:   APR 2 1 2009 | Clerk, by | M. RAYRAY | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
     under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
             ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465

Bologna-10304

CIV-010

| | |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):* <br> — Michael A. Kelly / Matthew D. Davis      71460 / 141986 <br> Walkup Melodia Kelly & Schoenberger <br> 650 California Street, 26th Floor <br> San Francisco, CA 94108 <br> TELEPHONE NO.: (415) 981-7210    FAX NO. *(Optional):* (415) 391-6965 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY** <br><br> **F I L E D** <br> Superior Court of California <br> County of San Francisco |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco <br> STREET ADDRESS: 400 McAllister Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Francisco, CA 94102 <br> BRANCH NAME: Unlimited Jurisdiction | APR 2 0 2009 <br><br> GORDON PARK-LI, Clerk <br> BY: _____ <br> Deputy Clerk |

PLAINTIFF/PETITIONER: Danielle Bologna, et al

DEFENDANT/RESPONDENT: City and County of San Francisco, et al.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT** <br> **OF GUARDIAN AD LITEM - CIVIL** <br> **[X] EX PARTE** | **CASE NUMBER:** <br><br> CGC-09-486928 |

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Danielle Bologna          is
   a. [X] the parent of *(name):* Francesca Bologna
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Danielle Bologna, c/o Matthew D. Davis, 650 California Street, San Francisco, CA 94108
   Telephone: (415) 981-7210

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Francesca Bologna, c/o Matthew D. Davis, 650 California Street, San Francisco, CA 94108
   Telephone: (415) 981-7210

4. The person to be represented is:
   a. [X] a minor *(date of birth):* November 19, 1997
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Francesca's father and two of her brothers were murdered in San Francisco on June 22, 2008. The murderer was an illegal alien who was subject to deportation and who had a long history of committing violent crimes in San Francisco. The illegal sanctuary policies of defendants, however, prevented him from being prosecuted and deported. She thus has causes of action against defendants for wrongful deaths.

☐ Continued on Attachment 5a.                                       Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-010 [Rev. January 1, 2008]   *Martin Dean's* **ESSENTIAL FORMS™** | **APPLICATION AND ORDER FOR APPOINTMENT** <br> **OF GUARDIAN AD LITEM-CIVIL**          Code of Civil Procedure, <br> §372 et seq. |

Bologna-10304

CIV-010

| PLAINTIFF/PETITIONER: Danielle Bologna, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:City and County of San Francisco, et al. | |

5.   b.   ☐   more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c.   ☐   the person named in item 3 has no guardian or conservator of his or her estate.

d.   ☒   the appointment of a guardian ad litem is necessary for the following reasons *(specify):*
Francesca is a minor and therefore not able to file a lawsuit on her own.

☐   Continued on Attachment 5d.

6.   The proposed guardian ad litem's relationship to the person he or she will be representing is:
a.   ☒   related *(state relationship):*    Mother
b.   ☐   not related *(specify capacity):*

7.   The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐   Continued on Attachment 7.

Matthew D. Davis
(TYPE OR PRINT NAME)                                        ▶ _____
                                                                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   April   2   2009

Matthew D. Davis
(TYPE OR PRINT NAME)                                        ▶ _____
                                                                              (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:   April  3 , 2009

Danielle Bologna
(TYPE OR PRINT NAME)                                        ▶ _____
                                                                              (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*   DANIELLE BOLOGNA
is hereby appointed as the guardian ad litem for *(name):*   FRANCESCA BOLOGNA
for the reasons set forth in item 5 of the application.

Date:
      APR 1 6 2009                          (☒)                    JUDICIAL OFFICER
                                                        ☐ SIGNATURE FOLLOWS LAST ATTACHMENT          JAMES J. McBRIDE

CIV-010 [Rev. January 1, 2008]                  **APPLICATION AND ORDER FOR APPOINTMENT**                         Page 2 of 2
Martin Dean's                                          **OF GUARDIAN AD LITEM–CIVIL**
Essential Forms™
                                                                                   Bologna-10304

## BOLOGNA, ET AL. V. CCSF, ET AL.

## PROOF OF SERVICE

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On May 22, 2009, I served the following document(s):

### NOTICE OF REMOVAL

on the following persons at the locations specified:

Michael A. Kelly, Esq.
Matthew D. Davis, Esq.
Law Offices of Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108-2615
Telephone:    (415) 981-7210
Facsimile:    (415) 391-6965
*Counsel for Plaintiffs*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court**.

☐ **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: helen.s.lau@sfgov.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 22, 2009, at San Francisco, California.

_____
HELEN LAU

Notice of Removal;
Bologna, et al. v. CCSF, et al.

n:\lit\li2009\090237\00554448.doc