IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE BOLOGNA et al., | No. C 09-2272 SI |
| Plaintiffs, | **ORDER REMANDING CASE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants.                              / | |

Now before the Court are the parties' letter briefs responding to the Court's order to show cause why this case should not be remanded. On August 11, 2009, this Court granted in part defendants' motion to dismiss plaintiffs' complaint. The Court dismissed plaintiffs' two causes of action arising under federal law, finding that plaintiffs had failed to state a claim and that amendment would be futile. The Court did not address plaintiffs' state law causes of action (for negligence, negligent infliction of emotional distress, and violation of the California constitution). Defendants oppose remanding this case to state court; plaintiffs support remand.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). A district court has the discretion to remand a properly removed case to state court when no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be

inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie-Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Carnegie-Mellon*, 484 U.S. at 350-51.

The Court agrees with plaintiffs that remand is the proper disposition of this case. The Court dismissed plaintiffs' federal claims early in this litigation; the parties have not yet even attended a case management conference in federal court. Plaintiff's remaining claims challenge City policies; comity weighs in favor of allowing San Francisco Superior Court to decide these issues.

## CONCLUSION

This case is remanded to San Francisco Superior Court. The clerk shall close the file and send the necessary materials to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: September 11, 2009

SUSAN ILLSTON
United States District Judge

2